PEOPLE *v.* BEDSOLE

CRIMINAL LAW—EVIDENCE—EXAMINATION BY COURT.

Questioning by trial judge of defendant's alibi witness, in trial for statutory rape, about her relationship with defendant, who was married, *held*, reversible error because it did not deal with the crucial issue of whether the witness was with defendant when the alleged crime was committed but with facts not material to the case, and because it improperly revealed to the jury that the court viewed with disfavor defendant's extra-marital behavior.

Appeal from Genesee, Papp (Elza H.), J. Submitted Division 2 November 13, 1968, at Lansing. (Docket No. 3,979.) Decided January 9, 1969.

Grady Eugene Bedsole was convicted of statutory rape. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*Sanford Kesten,* for defendant.

FITZGERALD, P. J. The 15-year-old stepdaughter of defendant-appellant eventually complained to her stepsister and her mother that defendant was en-

REFERENCE FOR POINTS IN HEADNOTE

58 Am Jur, Witnesses § 558.

gaging in sexual intercourse with her. The acts complained of occurred in September and October of 1965, but complainant waited until January of 1966 before complaining. She testified at the trial that such was the typical activity between her and her stepfather for the previous 3 years. Defendant denied that anything like that ever took place between him and the stepdaughter and said that she was lying. The jury disagreed and found defendant guilty of statutory rape pursuant to CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788). He was sentenced to serve 10–1/2 to 30 years in the State penitentiary.

For purposes of this appeal, the merits of the complaint are not in issue. What concerns us first is the following colloquy between the trial court and defendant's alibi witness, one Miss Freeman, who was a girlfriend of defendant during the time of the alleged incidents with the stepdaughter.

*"The Court:* I want to ask a few questions. Did you know that Mr. Bedsole was married * * *?
*"Witness:* No, ma'am.
*"The Court:* When you were dating him?
*"Witness:* No, ma'am, I didn't know it.
*"The Court:* You did not know that? How long had you been dating him, for a year?
*"Witness:* Before I found out? * * *

* * *

*"Witness:* Three years * * *
*"The Court:* When did you find out he was married? * * *
*"Witness:* Oh, it's been about a year.
*"The Court:* And you continued to date him after you found out? * * *
*"Witness:* Yes."

The question was repeated. Later in the trial, another witness for defendant testified concerning purchase of his lunch the previous day:

"*Prosecutor:*  Who bought your lunch for you yesterday?
"*Witness:*  Mr. Bedsole.
"*Prosecutor:*  Where did you eat?
"*Witness:*  Kewpie's.
"*Prosecutor:*  Who all ate down at Kewpie's?
"*Witness:*  Well, all of us, Carl, Chuck, Joey, Clara Kish, Mrs. Kish, and Mrs. Freeman and Gene, Mr. Bedsole.
"*The Court:*  That happens to be Miss Freeman, not Mrs. Freeman.
"*Witness:*  Miss."

No objections were made by defendant at the trial, but he objects here to the alleged prejudicial influence of this questioning as being communicative to the jury of the unfavorable opinion held by the trial court of defendant's alibi witness. Abuse of discretion is charged.

Defendant refers to *People* v. *Ray* (1966), 2 Mich App 623,[1] and *People* v. *Cole* (1957) 349 Mich 175,[2] for the propositions that the trial court must maintain impartiality throughout the trial and may examine witnesses only for the purpose of clearing up obscure and material points in the interests of justice. The people refer to *People* v. *Martin* (1965), 1 Mich App 265, which does not permit objec-

[1] The *Ray* Court permitted the examination of a 16-year-old boy by the trial court where the witness was confused by the rules of evidence and was qualified to give an opinion as to the speed of defendant's car, clearly a material issue in the trial for manslaughter by operation of an automobile.

[2] Defendant was convicted of obtaining money under false pretenses. On appeal, defendant claimed that the trial judge displayed a prejudiced attitude toward the defense when it engaged in extended and argumentative colloquies with defendant's counsel. The test there given was whether what occurred prevented the defendant from having a fair and impartial trial

tions not heard on the trial to be raised on appeal for the first time, and we refer in turn to *People* v. *Baker* (1967), 7 Mich App 471, 475, in holding that we may search for error that reveals clear injustice even in the absence of objection.

The veil of judicial impartiality should not have been pierced by the trial judge on this occasion. Other portions of the transcript have also revealed to us and to the jury the fact that the court was upset with the admitted extramarital behavior of the defendant and his alibi witness. We can find no reason for these extended references. They did not concern a fact material to the case. It was admitted on several occasions that defendant and Miss Free-- man spent time together. The issue was whether they did so at the time of the alleged statutory rape. Material questions from the court would have been concerned with if, when, and where, they were together, and not their marital status or lack of it. The fact that the court went beyond materiality into collateral matters leads us to believe that any jury naturally concerned with the current mores of society would have been influenced to the detriment of defendant's case. See *People* v. *Young* (1961), 364 Mich 554.

As this case is reversed on the foregoing grounds, we do not feel it appropriate to evaluate defendant's other claim of error at this time. Defendant entered a motion requesting that the trial court order the prosecuting attorney to request the prosecutrix to submit to a psychiatric examination. The motion was based on the California case of *Ballard* v. *Superior Court of San Diego County* (1966), 64 Cal 2d 159 (410 P2d 838, 49 Cal Rptr 302), wherein it was held that such a request lay within the court's discretion in cases of sexual accusation by a female where there was little or no corroboration support-

ing the charge and where defendant raised the issue of mental condition as affecting the veracity of the complainant. We do not render a decision on the court's refusal to grant this motion.

Reversed and a new trial ordered.

R. B. BURNS and ROBINSON, JJ., concurred.