PEOPLE *v.* HAYTON

1. WITNESSES—UNRESPONSIVE ANSWER—CURING ERROR.

Any error that may have arisen as a result of the unresponsive answer of a witness was cured by the trial court's action in striking the answer, and, more significantly, by other competent testimony showing the same fact.

2. CRIMINAL LAW—MISTRIAL—DISCRETION—JUDGE'S REMARKS.

A motion for mistrial is addressed to the discretion of the trial court and no abuse of that discretion is found where defendant in a criminal case contended that remarks of the trial court in two instances required the grant of mistrial where the remarks, when viewed in the context in which they were made, were in the instance an attempt to resume the proceedings after an interruption for an objection, and in the second instance, an attempt to preclude a further unresponsive answer by a witness.

3. HOMICIDE—FIRST-DEGREE MURDER—SUFFICIENCY OF EVIDENCE.

Sufficient grounds to convict defendant of first-degree murder were provided where there was testimony by a witness outlining the elements of a robbery-murder and identifying defendant · as one of the participants in the crime (MCLA § 750.316).

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Witnesses § 575 *et seq.*
[2]  53 Am Jur, Trial § 76 *et seq.*
[3]  40 Am Jur 2d, Homicide § 425 *et seq.*

Appeal from Livingston, Michael Carland, J. Submitted Division 2 May 12, 1970, at Lansing. (Docket No. 5966.) Decided December 9, 1970. Leave to appeal denied April 13, 1971. 384 Mich 825.

James Edward Hayton was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas J. Kizer, Jr.,* Prosecuting Attorney, for the people.

*John Boghosian,* for defendant.

Before: Lesinski, C. J., and Danhof and Snow,* JJ.

Snow, J. Defendant appeals from his 1968 conviction of murder in the first degree.[1] The evidence at trial showed that two men entered a pharmacy in the Village of Hamburg; that George Reck, Sr., the owner, and his son, 19, were working in the store at the time; that after threatening the proprietor with a gun, the men took $100 from the cash register; and that the men ordered both Recks to lie on the floor, then shot them. The senior Reck died the following day. His son gave police a description of both men. Defendant, who the son had observed for a much longer period, was described as 6 feet in height, weighing 140 to 150 pounds, with long greasy hair and "pimple-like" scars on his face. Subsequently, the son positively identified the defendant as one of the perpetrators, although defendant showed he had a clear complexion and had weighed between 180 and 190 pounds for several years.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

At trial, defendant made the credibility of the son's identification his primary defense because this was the only evidence the people could produce connecting him with the crime. On appeal, he thus urges as seriously prejudicial to his right to a fair trial, the unresponsive answer of the investigating detective which he feels lent weight to that identification.

"*Mr. Boghosian* [*defense counsel*] : The same day you showed him the photograph?
"*Detective Demsky:* Right. It was late that evening. It was around three—I can tell you the time I showed him the picture too, if you like—2 :45 p.m. I was told, 'That's the guy; that's him.'
"*Mr. Boghosian:* I ask that be stricken, your Honor. It is not responsive; prejudicial and hearsay.
"*The Court:* That may be stricken."

We note, however, that the person to whom the above remark was attributed was available as a witness, and in fact did testify to the occurrence in exactly the same terms:

"*Mr. Boghosian:* [W]hen you looked at that photograph, what did you say to Detective Demsky?
"*George Reck, Jr.:* I said, 'This is the man'."

Consequently any error that may have arisen as a result of the unresponsive answer of Detective Demsky was cured by the trial court's action in striking the answer, and more significantly, by other competent testimony showing the same fact. *People* v. *Kregger* (1953), 335 Mich 457, 469.

Defendant also contends that remarks of the trial court in two instances required that a mistrial be granted. A motion for mistrial, however, is one addressed to the discretion of the trial court. *People* v. *Bigge* (1941), 297 Mich 58; *People* v. *Schram* (1965), 1 Mich App 279. We find no abuse of that

discretion in this case where the remarks, when viewed in the context in which they were made, were in one instance an attempt to resume the proceedings after an interruption for an objection, and in the second case, an attempt to preclude a further unresponsive answer by the witness Demsky.

Finally, defendant argues that the evidence neither established a *prima facie* case against him nor supported the jury's verdict. The testimony of the decedent's son, outlining the elements of the robbery-murder and identifying the defendant as one of the participants in that crime, provided sufficient grounds to convict the defendant as charged. *People v. Arither Thomas* (1967), 7 Mich App 103. The jury apparently chose to believe the son's testimony despite the inconsistencies pointed out by defense counsel and the alibi witnesses presented by the defendant. The weight to be accorded the witness' testimony regarding identification based on original observation was a matter for the jury. *People v. Tucker* (1969), 19 Mich App 320, 333; *People v. Caldwell* (1969), 20 Mich App 224; *People v. Quigley* (1921), 217 Mich 213. It is not our function to be a reviewing jury. *People v. Bratton* (1969), 20 Mich App 523; *People v. Eagger* (1966), 4 Mich App 449.

Affirmed.

All concurred.