PEOPLE *v.* STEENBERG

OPINION OF THE COURT

1. CRIMINAL LAW—GROSS INDECENCY—EVIDENCE—HEARSAY—HIGH-LY PREJUDICIAL STATEMENT.

Complainant's statement, on cross-examination, given to explain why she didn't contact the police immediately about defendant's acts of gross indecency against her, that she had waited until after she found out what the defendant had been doing to her sister, defendant's wife, for three years, necessitated a mistrial because the hearsay statement was highly prejudicial and the trial court's instruction to the jury to disregard complainant's testimony could not remove the impression made upon them by such an inflammatory statement (MCLA § 750.338b).

DISSENT BY GILLIS, J.

2. CRIMINAL LAW—EVIDENCE—HEARSAY—CURATIVE INSTRUCTIONS.

*Complainant's statement, explaining why she hadn't immediately contacted the police about defendant's acts of gross indecency against her, that she had waited until after she found out what the defendant had been doing to her sister, defendant's wife, for three years, the same thing the defendant had done to the*

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 798, 807, 809.

*complainant, did not necessitate a mistrial where the complainant's response was elicited during the heat of cross-examination on the first day of a 4-1/2-day trial and the trial court instructed the jury to disregard the objected-to portion of complainant's testimony.*

Appeal from Wayne, James Montante, J. Submitted Division 1 May 6, 1971, at Detroit. (Docket No. 9352.) Decided August 23, 1971.

Louis Steenberg was convicted of attempted gross indecency. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Smith, Bokos, Jones & Pantel,* for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

T. M. BURNS, J. The defendant was tried by a jury for committing acts of gross indecency contrary to MCLA § 750.338b (Stat Ann 1954 Rev § 28-.570[2]). The jury found him guilty of attempted gross indecency; and on September 30, 1969, defendant was sentenced to a term of one year imprisonment in the Detroit House of Correction.

The defendant contends that a mistrial should have been granted when on cross-examination the complaining witness gave hearsay testimony with regard to acts and conduct committed by the defendant upon the person of complainant's sister who was also the defendant's wife.

When asked why she hadn't immediately contacted the police, the complainant stated:

"*A.* I didn't contact them until after I found out what he had been doing to my sister for three years —the same thing he did to me."

Defendant then moved for a mistrial because the statement was highly prejudicial. The motion was, however, denied.

Although the trial court did instruct the jury to disregard the statement, we agree with the defendant that it was highly prejudicial and that a mistrial should have been granted.

The testimony inadvertently elicited by defense counsel was, of course, hearsay. It was also testimony which defendant's wife, had she been called as a witness, could not have testified to since a wife may not, under these circumstances, testify against her husband in Michigan.

We cannot say, in this instance, that the instruction by the trial court removed from the jury the impression made upon them by such an inflammatory statement. Accordingly, we cannot say that the trial court's refusal to grant a mistrial did not result in a miscarriage of justice; and we must, therefore, remand for a new trial.

Reversed and remanded.


V. J. BRENNAN, concurred.


J. H. GILLIS, J. (*dissenting*). I dissent. In this case, the alleged error occurred during defense counsel's vigorous cross-examination of the complaining witness, within the following context:

"*Q.* You didn't contact the police that day, did you, March 27th?

"*A.* No. I didn't. For my sister's and the boy's sake, I didn't.

"*Q.* For your sister's and the boy's sake?

"*A.* That's right.

"*Q.* I see. And you didn't contact them the second day, did you, when your husband made the phone call [to the defendant]?

"*A.* I didn't contact them until after I found out what he had been doing to my sister for three years —the same thing he did to me."

After the defendant's motion for mistrial was denied, the trial court gave a cautioning instruction:

"*The Court:* \* \* \* Members of the jury, I will ask you to disregard, if you will, the answer made by the witness, since the answer could only have been made by reason of a statement made by another person outside of court to the witness. That is hearsay, as I explained to you in the very beginning of the trial. Therefore, that answer given by the witness is stricken from this record. It is not in the case, and all of you are instructed to disregard it."

The trial court's basis for denying the motion for mistrial was that while the statement may have been prejudicial, it was elicited during the heat of cross-examination and was not so substantial an error as to irrevocably prejudice the minds of the jury. I agree.

A motion for mistrial is addressed to the discretion of the trial court. *People* v. *Hayton* (1970), 28 Mich App 673. *People* v. *Anglin* (1967), 6 Mich App 666; *People* v. *Schram* (1965), 1 Mich App 279, *affirmed* (1966), 378 Mich 145. I see no reason to depart from the long-standing rule that, absent clear abuse, the exercise of judicial discretion will not be disturbed on appeal. I am of the opinion that the corrective instruction to the jury cured the error

and vitiated defendant's claim.  See *People* v. *Podsiad* (1940), 295 Mich 541, where the unresponsive answer of a witness, although more damaging than in the case at bar, was held not to require mistrial where the proper corrective instruction was given to the jury.  In accord, *People* v. *Linscott* (1968), 14 Mich App 334, 341; MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).  I am not convinced that this one isolated statement, uttered on the first day of a 4-1/2-day trial, rendered defendant's conviction a miscarriage of justice.

I vote to affirm.