PEOPLE v TURNER

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—USE BY JUDGE.

A trial judge is prohibited from referring to a preliminary examination transcript only when he is also the trier of fact; the prohibition does not apply when the defendant is tried by a jury.

2. CRIMINAL LAW—WITNESSES—REFRESHING RECOLLECTION—PRELIMINARY EXAMINATION.

Testimony given at a preliminary examination may be used to refresh the recollection of a witness, to test his credibility, and may be referred to during argument.

3. HOMICIDE—FIRST-DEGREE MURDER—EVIDENCE.

The jury was properly permitted to consider a charge of first-degree murder where the testimony of prosecution witnesses, if believed, established that defendant removed a police officer's weapon from his holster, stepped back and deliberately shot him, and that there was time for reflection and premeditation.

4. CRIMINAL LAW—FAIR TRIAL—JUDGE'S REMARKS.

A trial judge's remarks must be weighed in the context and the circumstances of the trial in determining if they were so objectionable and disparaging as to deny defendant a fair trial by piercing the veil of judicial impartiality.

5. CRIMINAL LAW—FAIR TRIAL—PROSECUTOR'S REMARKS.

A prosecutor's remarks were not so impermissibly prejudicial as

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 442 *et seq.*
46 Am Jur 2d, Judges § 181.
[2] 58 Am Jur, Witnesses § 596.
Refreshment of recollection by use of memoranda or other writings, 125 ALR 19.
[3] 40 Am Jur 2d, Homicide § 45.
[4] 53 Am Jur, Trial § 76 *et seq.*
Prejudicial effect of trial judge's remarks, during criminal trial, disparaging accused, 34 ALR3d 1313.
[5] 63 Am Jur 2d, Prosecuting Attorneys § 27.

to deny defendant a fair trial if they were not sufficient to cause the jury to suspend its own power of judgment in receiving the evidence before it.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 June 13, 1972, at Detroit. (Docket No. 9290.) Decided July 24, 1972. Leave to appeal denied, 388 Mich 790.

Nathaniel Turner was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Joan Clarke,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. This is an appeal of right from a jury conviction of second-degree murder, MCLA 750.317; MSA 28.549.

Defendant first complains that the trial court relied on testimony contained in the preliminary examination transcript to deny a defense motion for a directed verdict. He urges application of the *Ramsey*[1] doctrine. *Ramsey* is inapposite. *Ramsey* and its progeny only prohibit a trial judge from referring to a preliminary examination transcript when he also acts as trier of fact. This case was tried by a jury.

Defendant next contends that the introduction

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] *People v Ramsey,* 385 Mich 221 (1971).

into evidence of prior consistent statements by a prosecution witness was reversible error. Authority and precedent hold otherwise. Testimony given at a preliminary examination may be used to refresh the recollection of a witness, to test his credibility, and may be referred to during argument. 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 537, pp 641–642.

Thirdly, the assertion is made that the trial court erred when it denied defendant's motion to dismiss the charge of first-degree murder. MCLA 750.316; MSA 28.548. We do not agree. The testimony of prosecution witnesses, if believed, could establish that defendant removed the weapon from the police officer's holster, stepped back, and deliberately shot him. There was time for reflection and premeditation. The trial judge did not commit error in permitting the jury to consider the charge of first-degree murder.

Fourthly, defendant claims that he was denied a fair trial because of objectionable and disparaging remarks by the trial judge which could have had an adverse effect upon the jury's assessment of the defense. Once again we do not agree. We have examined the record and the context in which the alleged impropriety occurred. The court's comments weighed in the context and the circumstances of a heated trial do not approach the magnitude necessary for reversal on the ground that the trial court pierced the veil of judicial impartiality. *People v Roby,* 38 Mich App 387 (1972).

As to defendant's next assignment of error, we note that a prosecutor has the right to cross-examine a defendant concerning his prior convictions for the purpose of testing credibility. MCLA 600.2158; MSA 27A.2158. Absent a showing of a

clear abuse of discretion, the scope of cross-examination allowed by the trial court will not be disturbed. *People v Taylor,* 386 Mich 204 (1971). We find no such showing of abuse.

Finally, defendant's allegations of impermissible prosecutorial comment are insufficient to establish the degree of prejudice necessary to conclude that, for this reason, he did not receive a fair trial. The remarks were not so prejudicial as to cause the jury to suspend its own power of judgment in receiving the evidence before it. *People v Humphreys,* 24 Mich App 411 (1970).

Affirmed.

All concurred.