PEOPLE v GRAY

1. CRIMINAL LAW—EVIDENCE—MOTION TO SUPPRESS—CONFESSIONS.

There must be a motion to suppress filed in advance of trial to test the admissibility of allegedly illegal evidence and where no such motion was made it was proper to admit in evidence a confession taken by police later claimed to have been taken while a defendant was under the influence of drugs; and the fact that in another criminal case involving the same defendant a court held parts of the same confession inadmissible does not make that determination res judicata in the present case.

2. JURY—SELECTION—PREJUDICE.

The selection of prospective jurors from voter registration lists has been approved by the Court of Appeals; without a showing that any noncompliance with the statute governing selection of jury panels was so substantial as to cause actual prejudice or that there has been any systematic and intentional exclusion of a particular group or class of persons from the list of eligible jurors, where there is no proof of discrimination defendant's objection that he, a black person, was convicted by an all-white jury has no validity.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 February 7, 1973, at Grand Rapids. (Docket No. 13357.) Decided March 27, 1973. Leave to appeal granted, 390 Mich —.

William H. Gray was convicted of uttering and publishing a check with intent to defraud. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 425–427.
[2] 47 Am Jur 2d, Jury §§ 163, 164, 175, 176, 180.

Prosecuting Attorney, and *Stephen M. Wheeler,* Assistant Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for the defendant.

Before: DANHOF, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

DANHOF, P. J. William Gray was arrested and convicted by a jury on a charge of uttering and publishing a check with intent to defraud. MCLA 750.249; MSA 28.446. He was sentenced and appeals. We affirm.

At the trial, in addition to the defendant's confession, three eyewitnesses identified the defendant as the person who passed the check.

Defendant contends that a damaging confession taken by police while he was under the influence of drugs was inadmissible and that the error is preserved without timely objection.

It is well-settled law in this state that a motion to suppress evidence on the basis of illegality must be made in advance of trial. *People v Ferguson,* 376 Mich 90 (1965); *People v Riley,* 33 Mich App 721, 728 (1971); *People v Duerson,* 35 Mich App 223, 225 (1971); *People v LaGrange,* 40 Mich App 342, 345 (1972). On this record we see no convincing reason to depart from the above established precedent.

The fact that in another criminal case, involving defendant, the court held parts of defendant's confession inadmissible after a Walker hearing does not make that determination res judicata in this case. The same requirement applies in the second criminal case; there must be a motion to suppress filed in advance of trial to test the admissibility of the allegedly illegal evidence.

We have carefully examined defendant's claims of prosecutorial misconduct in cross-examination and closing argument. The remarks of the prosecutor were not so prejudicial as to cause the jury to suspend its own power of judgment in receiving the evidence before it. *People v Turner,* 41 Mich App 744 (1972); *People v Spaulding,* 42 Mich App 492 (1972). Furthermore, defendant's allegations of error were not preserved for appeal since defendant did not record trial objections to the comments, ask for a corrective instruction, or move for a mistrial to preserve error for appeal. *People v Humphreys,* 24 Mich App 411 (1970); *People v Majette,* 39 Mich App 35 (1972).

Defendant also contends that the different sentences provided in MCLA 750.249; MSA 28.446, and those set forth in MCLA 750.253; MSA 28.450, violate the equal protection clauses of the State and Federal Constitutions. This issue was previously considered and decided in *People v Brooks,* 43 Mich App 715 (1972). We adopt the precedent established in *Brooks.*

Defendant objects to the composition of the jury in that defendant, a black person, was convicted by an all-white jury. Other than this fact, there is no proof of discrimination. Furthermore, the selection of prospective jurors from voter registration lists has been approved by this Court. *People v Robinson,* 41 Mich App 259, 263 (1972).

Defendant's last contention is that he was denied a fair and impartial jury trial because of an alleged failure to update some of the voter registration lists from which jury lists were compiled. However, there has been no showing that any noncompliance with the statute governing selection of jury panels was so substantial as to cause actual prejudice. MCLA 600.1354; MSA 27A.1354.

Nor has there been any demonstration of a systematic and intentional exclusion of a particular group or class of persons from the list of eligible jurors.

Affirmed.

All concurred.