PEOPLE v WATSON

OPINION OF THE COURT

1. CRIMINAL LAW—APPEAL AND ERROR—EVIDENCE—SUFFICIENCY OF EVIDENCE.

   The proper standard by which the Court of Appeals must judge a claim that a jury verdict was against the great weight of the evidence is whether the evidence presented during the trial is sufficient to support a finding of guilt beyond a reasonable doubt.

2. HOMICIDE—MURDER—EVIDENCE—SUFFICIENCY OF EVIDENCE.

   Evidence sufficient to support a finding of guilt beyond a reasonable doubt was presented at a murder trial where prosecution witnesses testified that the defendant was the person who shot the deceased and then bent over the body and removed the deceased's wallet and where it was clearly established that a gunman, during the commission of a robbery, shot and killed the deceased.

3. CRIMINAL LAW—EVIDENCE—CREDIBILITY—JURY QUESTION.

   The credibility of identification testimony is a matter left solely to the jury.

4. CRIMINAL LAW—FAIR TRIAL—JUDGE'S CONDUCT.

   The conduct of a trial judge does not constitute reversible error unless what occurred prevented a defendant from having a fair and impartial trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 226.
   Conviction of criminal offense without evidence as denial of due process of law, 80 ALR2d 1364.
[2] 40 Am Jur 2d, Homicide §§ 41, 425.
[3] 47 Am Jur 2d, Jury §§ 15, 16.
[4] 21 Am Jur 2d, Criminal Law §§ 221, 234, 235.
   46 Am Jur 2d, Judges § 166 *et seq.*
[5] 21 Am Jur 2d, Criminal Law § 368.
[6–8] 53 Am Jur, Trial §§ 135, 136.
   5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[9, 10] 53 Am Jur, Trial § 637.

5. CRIMINAL LAW—TRIAL—LINEUP—IN-COURT IDENTIFICATION—DIS-
   CRETION—ABUSE OF DISCRETION.

   The decision to grant or deny a request that a lineup be held
   prior to any in-court identification for witnesses who had not
   confronted a defendant prior to trial is left to the sound
   discretion of the trial judge; absent abuse of that discretion
   resulting in a procedure so unnecessarily suggestive and condu-
   cive to irreparable mistaken identification as to the amount to
   a denial of due process of law, a trial judge's ruling should not
   be questioned.

6. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—FAILURE TO OBJECT—
   PRESERVING QUESTION.

   The issue of the admissibility of certain evidence in a criminal
   trial is not properly before the Court of Appeals where the
   defendant's trial counsel, by stating he had no objection to the
   admission of the evidence, acquiesced in its admission.

7. CRIMINAL LAW—PROSECUTOR'S ARGUMENT—FAILURE TO OBJECT—
   PRESERVING QUESTION.

   The Court of Appeals is precluded from considering the issue of
   the appropriateness of statements made by a prosecutor during
   closing argument where the defendant's counsel did not object
   at trial and where an objection and appropriate curative in-
   struction could have eliminated any prejudice arising there-
   from.

DISSENT BY T. M. BURNS, J.

8. CRIMINAL LAW—EVIDENCE—FAILURE TO OBJECT—APPEAL AND ER-
   ROR—CONSTITUTIONAL RIGHT.

   *Failure to object to the admission of evidence in a criminal
   proceeding does not preclude the Court of Appeals from review-
   ing a claim where a constitutional right is likely to have been
   infringed.*

9. CRIMINAL LAW—CONSTITUTIONAL LAW—EVIDENCE—ADMISSIBILITY—
   BUSINESS RECORDS—RIGHT OF CONFRONTATION.

   *It was error to admit business records into evidence in a criminal
   proceeding under an exception to the hearsay rule because it
   deprived the defendant of his right of confrontation as guaran-
   teed by the state and Federal Constitutions (US Const, Am VI;
   Const 1963, art 1, § 20).*

10. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—BUSINESS RECORDS—
HARMLESS ERROR.

*The admission of business records into evidence in a criminal proceeding was error and requires a reversal of a conviction where the error was not harmless beyond a reasonable doubt.*

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 November 14, 1973. (Docket No. 14427.) Decided March 26, 1974.

Joe Eddy Watson was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Leonard Townsend,* for defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

V. J. BRENNAN, P. J. Defendant, Joe Eddy Watson, appeals from his conviction of first-degree murder (MCLA 750.316; MSA 28,548) by a jury in the Recorder's Court of the City of Detroit.

On this appeal defendant initially asserts, as he did in his motion for new trial, that his conviction and sentence should be reversed because the jury's verdict was against the great weight of the evidence. The proper standard by which we must judge such a claim is whether the evidence presented during trial is sufficient to support a finding of guilt beyond a reasonable doubt. *People v By-*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*num,* 21 Mich App 596; 175 NW2d 870 (1970), *lv
den,* 383 Mich 776 (1970). In the case at bar it was
clearly established that a gunman, during the
commission of an armed robbery, shot and killed
Richard Holley, the deceased. Although the iden-
tity of defendant as the gunman was hotly con-
tested in the court below, we cannot say that the
evidence presented was insufficient to support a
finding of guilt beyond a reasonable doubt. *People
v Hayton,* 28 Mich App 673; 184 NW2d 755 (1970),
*lv den,* 384 Mich 825 (1971). Witnesses were pre-
sented by the prosecution who testified that de-
fendant was the person who shot the deceased and
then bent over the body and removed his wallet.
Defendant's alibi was ably presented and the pros-
ecution's witnesses vigorously examined by defend-
ant's attorney. The credibility of identification
testimony is a matter left solely to the jury who,
after listening to all the testimony and viewing
the demeanor of the witnesses, chose to disbelieve
defendant. We are not about to substitute our
judgment for theirs. *People v Harper,* 43 Mich App
500, 204 NW2d 263 (1972); *People v Hayton, supra.*

Defendant's second and third assignments of
error focus on the conduct of the trial judge in the
proceedings below. Defendant contends that he
was denied a fair trial and his cause prejudicially
influenced in the minds of the jurors when the
trial judge questioned certain of the witnesses,
interrupted and criticized defendant's attorney in
the presence of the jury, and called a recess after
defendant's attorney had begun to cross-examine
one of the witnesses. We find defendant's allega-
tions of error in this regard to be without merit. In
order for us to find that the conduct of the trial
judge constituted reversible error we would be
required to say that what occurred prevented de-

fendant from having a fair and impartial trial. *People v Spaulding,* 42 Mich App 492; 202 NW2d 450 (1972), *lv den,* 388 Mich 809 (1972); *People v Roby,* 38 Mich App 387; 196 NW2d 346 (1972). This we are unable to do. The questions propounded by the trial judge were generally made in an attempt to clarify matters to which testimony had previously been directed and did not approach the degree of judicial impropriety condemned in *People v Bedsole,* 15 Mich App 459; 166 NW2d 642 (1969). The further acts of the trial judge which defendant relies upon to establish that he was denied a fair trial, when examined in the context of this heated trial, are not of the "magnitude necessary for reversal on the ground that the trial court pierced the veil of judicial impartiality". *People v Turner,* 41 Mich App 744; 201 NW2d 115 (1972), *lv den,* 388 Mich 790 (1972). *See* MCLA 768.29; MSA 28.1052.

Defendant's next assertion is that the trial judge abused her discretion when she denied, on two occasions, defendant's requests that lineups be held, prior to any in-court identifications, for witnesses who had not confronted defendant prior to trial. Defendant properly recognizes that the decision to grant or deny such requests is left to the sound discretion of the trial judge. *People ex rel Ingham County Prosecutor v East Lansing Municipal Judge,* 42 Mich App 32; 201 NW2d 318 (1972). The test to be employed in determining whether the denial of such a motion requires reversal of a defendant's conviction was stated in the following terms by the Ninth Circuit Court of Appeals in *United States v Williams,* 436 F2d 1166, 1168–69 (CA 9, 1970), *cert den,* 402 US 912 (1971).

"Absent abuse of that discretion resulting in procedure 'so unnecessarily suggestive and conducive to ir-

reparable mistaken identification' as to amount to a denial of due process of law * * * we should not question the trial judge's ruling."

Defendant has failed to establish any such abuse of discretion in this case. Accordingly, we hold that reversible error was not here committed.

Defendant next contends that the trial judge committed reversible error by allowing the prosecution to introduce certain time cards into evidence. Defendant asserts that the admission of this evidence constituted a violation of his constitutional right of confrontation as guaranteed by Const 1963, art 1, § 20 and the Sixth Amendment to the United States Constitution. The time cards upon which defendant bases this assignment of error were admitted into evidence only after defendant's attorney stated that he had no objection. The issue now sought to be raised by defendant with respect to the propriety of receiving these time cards into evidence is not, therefore, properly before us. Defendant's attorney, by stating that he had no objection to the admission of these time cards, acquiesced in their admission and defendant cannot now be heard to complain. This was not a situation where defendant's attorney failed to object to the proffered evidence, as was the case in *People v Lester,* 50 Mich App 725; 213 NW2d 793 (1973), but, rather, was a situation where defendant's attorney, for whatever reason, acceded to the prosecution's offer of evidence. We, therefore, decline the invitation to consider this issue on appeal.

Defendant finally alleges that certain remarks made by the prosecutor during the trial and in closing argument were so prejudicial as to deny him his right to a fair trial. We have closely examined the remarks of the prosecutor made

during the course of the trial and find ourselves unable to say that they were so prejudicial as to cause the jury to suspend its own power of judgment in receiving the evidence before it. *People v Gray,* 45 Mich App 643; 207 NW2d 161 (1973); *People v Turner, supra.* The statements of the prosecutor made during closing argument which defendant also assigns as error were not objected to at trial. Since an objection and the appropriate curative instruction could have eliminated any prejudice arising therefrom, we are precluded from considering the issue of their appropriateness on this appeal. *People v Tarpley,* 41 Mich App 227; 199 NW2d 839 (1972); *People v Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970).

Conviction affirmed.

VAN VALKENBURG, J., concurred.

T. M. BURNS, J. *(dissenting).* I cannot agree with the majority decision to decline to consider the question of the propriety of the admission of the time cards into evidence merely because defendant's trial counsel failed to voice an objection. It is settled law in this state that failure to object does not preclude this Court from reviewing a claim where a constitutional right is likely to have been infringed. *People v Lester,* 50 Mich App 725; 213 NW2d 793 (1973); *People v Thomas,* 44 Mich App 649; 205 NW2d 604 (1973); *People v Cotton,* 38 Mich App 763; 197 NW2d 90 (1972).

In *People v Lewis,* 294 Mich 684; 293 NW 907 (1940), our Supreme Court held that it was error to admit business records into evidence in a criminal proceeding under an exception to the hearsay rule because to do so deprives the defendant of his right of confrontation as guaranteed by Const 1963, art 1 § 20, and the Sixth Amendment to the

United States Constitution. The admission of the time cards in the instant case, therefore, clearly constituted error. However, the question remains whether this error requires a reversal of defendant's conviction. In *People v Gauthier,* 28 Mich App 318; 184 NW2d 488 (1970), *lv den* 384 Mich 812 (1971), this Court held that although error was committed when certain business records were admitted into evidence, the error was harmless beyond a reasonable doubt because of the overwhelming convicting evidence which had been presented. I am convinced that the error in the instant case was not harmless beyond a reasonable doubt.

The theory provided by the defense was one of alibi. To support this theory, the defendant produced witnesses who stated they were with defendant and Alphonso Floyd at the time the shots were fired. Other defense witnesses identified Floyd as being down on the street immediately after the shooting. Floyd himself said he was in the apartment, went out on the street, returned home, and then went to work.

The admission of the time cards contrary to the mandate of *People v Lewis, supra,* indicated that Floyd and a companion were at work at the time of the firing of the shots, thus negating not only the defendant's theory of the case that Floyd was with him, but also attacking the credibility of defendant's other witnesses who testified they saw Floyd shortly after the shooting. Therefore the admission of the time card evidence was highly prejudicial to the defendant.

Accordingly, to cure the prejudice engendered by the time card evidence, I vote to reverse and remand for a new trial.