PEOPLE v ATKINS

1. CRIMINAL LAW—TRIAL—QUESTIONING DEFENDANT—DISCRETION—
   FAIR TRIAL.
   It is within the discretion of a trial judge to question a defendant
   in an attempt to clarify testimony where the exchanges are not
   such as would support a claim that the defendant was denied a
   fair or impartial trial.

2. CRIMINAL LAW—TRIAL—EVIDENCE—DUTY OF JUDGE.
   A trial judge has the power to control the introduction of evi-
   dence at a trial and was properly exercising his power where
   he found it was clearly important for the jury to see the
   lighting and quality of an entire line-up photograph rather
   than a portion of it only in order to determine its value as
   support for a defendant's position and to show the facial hair
   growth at the time of the robbery (MCLA 768.29).

3. CRIMINAL LAW—TRIAL—EVIDENCE—REBUTTAL TESTIMONY.
   Rebuttal testimony of an eyewitness which was clearly within the
   scope of rebuttal evidence and not part of the case in chief was
   within the judge's discretion to allow.

Appeal from Kalamazoo, Raymond W. Fox, J.
Submitted Division 3 January 8, 1975, at Grand
Rapids. (Docket No. 19025.) Decided February 11,
1975.

John H. Atkins was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald A. Burge,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 221, 222, 234–240.
[2] 75 Am Jur 2d, Trial §§ 95, 96, 109.
[3] 75 Am Jur 2d, Trial § 146.

Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Brignall, DeVries & Lamb, P. C.,* for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, P. J. Defendant, John H. Atkins, was convicted by a jury in Kalamazoo County Circuit Court of armed robbery in violation of MCLA 750.529; MSA 28.797. In the course of the three-day trial, the trial judge questioned the defendant on five occasions. The colloquies between the trial court and the defendant covered 5 of 196 pages of transcribed testimony. The questioning involved determining the last name of a friend of the defendant, locating a landmark with which the trial court was unfamiliar, the length of time the defendant spent at his parents' home on the date of the crime, when the defendant had last shaved, and the quality of the defendant's memory of the day on which the crime was committed.

The defense, in its case in chief, attempted to introduce a portion of a line-up photograph taken eight days after the robbery which showed the defendant to have some facial hair growth. An earlier eyewitness, Mrs. Dock, had described the armed robber as having no facial hair. This same eyewitness identified the defendant as the armed robber. The prosecution objected to the admission of only part of the picture. The trial judge sustained the objection and the defense introduced the entire photograph into evidence.

The defendant appeals his conviction alleging that the questioning by the trial judge demonstrated to the jury that he, the trial judge, had doubts about the credibility of the defendant and

that this deprived the defendant of a fair trial. Defendant also argues that the trial court erred in allowing rebuttal testimony of the eyewitness, Mrs. Dock, concerning the line-up photograph introduced by the defense. The defendant claims that the prosecution was really allowed to reinforce its case in chief and that the trial court abused its discretion in permitting such testimony. Similarly, defendant argues that the trial court erred in sustaining the prosecution's objection to admitting only a portion of the line-up photograph.

With respect to defendant's first issue it appears that four of the five colloquies between the trial court and the defendant occurred as an attempt to clarify testimony. These exchanges were not such as would support a claim that defendant was denied a fair and impartial trial. *People v Watson,* 52 Mich App 211; 217 NW2d 121 (1974). In the fifth, the trial court questioned the defendant concerning the events of the week of the robbery. This colloquy parallels the line of questioning, approved in *People v Wright,* 38 Mich App 427; 196 NW2d 839 (1972), *lev den,* 388 Mich 758 (1972). We, therefore, find defendant's allegation to be without merit and the line of questioning within the discretion of the court.

The second allegation is also without merit. The trial judge here was properly exercising his power to control the introduction of evidence. MCLA 768.29; MSA 28.1052. As the trial judge found, it was clearly important for the jury to see the lighting and quality of the entire picture to determine its value as support for the position for which it was offered.

Finally, the trial judge did not abuse his discretion in allowing the rebuttal testimony of the eyewitness, Mrs. Dock.

" 'Rebuttal evidence is broadly defined as that given by one party to contradict, repel, explain or disprove evidence produced by the other party and tending directly to weaken or impeach the same. In practical application the line of demarcation between rebuttal evidence and that which should properly be given in chief before the prosecution rests is frequently more or less obscure, and it is a general rule that whether evidence which could have been offered before resting may be given in rebuttal is a matter within the discretion of the trial court.' " *People v DeLano,* 318 Mich 557, 570; 28 NW2d 909, 914 (1947), *quoting from People v Utter,* 217 Mich 74; 185 NW 830 (1921).

The above statement is, of course, subject to the rule that it is not proper for the people to divide up the proofs upon which they have decided to rest their case and present some in their case in chief and the rest as "rebuttal". See *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974). This was not the situation in the present case, however. The testimony in this case was clearly within the scope of rebuttal evidence and within the trial judge's discretion to allow. Since our examination of the record herein fails to disclose any abuse of discretion, we refuse to reverse defendant's conviction on the ground here presented.

Lastly, by way of supplemental brief, defendant sought to raise an additional argument. The issue presented therein, however, was decided adversely to defendant's position in the recent case of *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974). Defendant's contention, therefore, no longer has any merit.

Affirmed.