PEOPLE *v.* CUNNINGHAM

1. CRIMINAL LAW—TRIAL—JURY VERDICT—EVIDENCE.
   A jury's verdict in a criminal case must stand if proof of the elements of the crimes alleged was presented to it, because the jury viewed the witnesses, heard all their testimony, and was in a superior position to determine their credibility.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 786.
[2] 29 Am Jur 2d, Evidence § 166.
   Modern status of the rules against basing an inference upon an inference or a presumption upon a presumption. 5 ALR3d 100.
[3, 4] 56 Am Jur, Weapons and Firearms § 10 *et seq.*
   Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.

2. APPEAL AND ERROR—CRIMINAL LAW—CONVICTIONS—REVERSAL—PYRAMIDING INFERENCES.

Appellate courts have a duty to reverse criminal convictions based upon an inference upon an inference in the absence of a statutory presumption.

3. WEAPONS—CONCEALMENT—VEHICLE—KNOWLEDGE—INFERENCE.

A jury could reasonably infer that defendant who was charged with carrying a dangerous weapon in a vehicle knew of the presence of a shotgun in the back seat of a vehicle in which he was a passenger (MCLA § 750.227).

4. WEAPONS—CONCEALED—STATUTES—PURPOSE.

The purpose of concealed weapons statutes is to prevent men in sudden quarrel, or in the commission of crime, from drawing concealed weapons and using them without prior notice to their victims that they are armed (MCLA § 750.227).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 October 15, 1969, at Detroit. (Docket No. 6,750.) Decided December 9, 1969.

Henry Cunningham was convicted by a jury of carrying a dangerous weapon in a vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*William Brodhead,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and DANHOF, JJ.

LESINSKI, C. J. After a jury trial, defendant and two other men were convicted of carrying a dan-

gerous weapon in a vehicle.[1]   Only defendant has appealed.

Defendant's arrest occurred in May, 1968, after the vehicle in which he was a passenger was stopped by police for a traffic violation.  One of the arresting officers approached the automobile on the right side and observed the barrel of a 12-gauge shotgun protruding three inches from under a coat in the back seat.[2]  This discovery led to the arrest of the driver of the vehicle, a rear seat passenger, and defendant, who was the front seat passenger.

At trial the police officer testified to his visual discovery and the circumstances of the arrest.  The driver of the automobile testified that it was his coat that was concealing the gun, but denied knowledge of the presence of the gun.  Defendant Cunningham did not testify.

On appeal defendant claims that the proofs adduced at trial were insufficient to support a finding of guilt beyond a reasonable doubt.  Since the trial below was had before a jury, our review is limited by the standard announced in *People* v. *Spann* (1966), 3 Mich App 444, 451:

"In reviewing a jury determination in a criminal appeal, this Court must tread lightly, as the jury viewed the witnesses, heard all the testimony, and

---

[1] MCLA § 750.227 (Stat Ann 1962 Rev § 28.424):

"Any person who shall carry a dagger, dirk, stiletto or other dangerous weapon except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him; and any person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than five years, or by fine of not more than $2,500."

[2] The officer testified that the gun was loaded at the time of discovery and that additional ammunition was found under the coat.

was in a superior position to determine the credibility of all that passed before it. Therefore, if proof of the elements of the crimes alleged was presented to the jury, its verdict must stand."

The pivotal question in this case is whether the plaintiff presented sufficient proof of all of the elements of the crime. It is defendant's contention that the jury's finding of the element of knowledge was the result of the same type of a pyramiding of inferences condemned in *People* v. *Petro* (1955), 342 Mich 299. We disagree.

In *Petro, supra,* the defendants' convictions for carrying guns in a vehicle operated or occupied by them was reversed. It appears that the defendants were observed in the vehicle at various times prior to their arrest. However, they were not observed in the vehicle on the day of the actual arrest. Further, the guns were found in a secret compartment in the automobile. In reversing, the Supreme Court stated:

"In the case at bar, in order for the jury to find defendants guilty, the jury had to believe the evidence that defendants had been seen at least once prior to April 30, 1951, in the automobile. From this fact the jury had to infer that the defendants, who were not the owners of the automobile, knew of the hidden compartment behind the dashboard clock, and from this inference the jury had to infer that defendants knew that the guns were in this compartment on April 30, 1951.

"It is the duty of courts to reverse criminal convictions based upon an inference upon an inference in the absence of a statutory presumption."

In the instant case the proof established the presence of the shotgun in the back seat of the vehicle. From this established fact the jury could have reasonably inferred that the defendant had the requi-

site knowledge. *People* v. *Moceri* (1940), 294 Mich 483.

The defendant does not contend that the prosecution failed to adduce sufficient proof of the other elements of the crime. Our independent search of the record has failed to reveal any error.

The legislature had in mind a certain evil when it passed the instant statute.

" 'The purpose of *all* concealment statutes is clear. At the time they were enacted, the open carrying of weapons upon the person was not prohibited. The purpose of the concealed weapons statutes was to prevent men in sudden quarrel or in the commission of crime from drawing concealed weapons and using them without prior notice to their victims that they were armed. The person assailed or attacked would behave one way if he knew his assailant was armed and perhaps another way if he could safely presume that he was unarmed.' *People* v. *Raso* (1958), 9 Misc 2d 739 (170 NYS2d 245, 251)." *People* v. *Jonnie W. Jones* (1968), 12 Mich App 293, 295.

In examining the record we find no miscarriage of justice.

Affirmed.

All concurred.