PEOPLE v MITTEN

1. HOMICIDE—MURDER—MOTIVE—HOMOSEXUAL CONDUCT—PROSECU-
TOR'S COMMENTS.

The offensive nature of the sexual behavior involved in the
people's theory that defendant assaulted the deceased because
of deceased's refusal to engage in homosexual conduct created a
duty upon the prosecutor to avoid statements in reference to
the evidentiary facts which might deny defendant a fair and
impartial trial, but prosecutor's conduct was found to conform
with this principle when his references in closing argument
were offered for the sole purpose of establishing a logical
explanation of the relationship of the facts to the people's
theory and thus constituted permissible commentary upon the
evidence or the inferences therefrom and failed to reveal preju-
dice yielding a miscarriage of justice.

2. CRIMINAL LAW—ADVOCACY—PROSECUTOR'S DUTY.

A prosecutor, being no less an advocate than defense counsel,
fulfills his obligation to the people by arguing the facts in a
persuasive manner and by presenting their legitimate infer-
ences to the jury.

3. HOMICIDE—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

A deceased's criminal record, which could have been obtained at
or prior to defendant's trial for killing him, did not constitute
newly discovered evidence warranting a new trial for defend-
ant.

4. HOMICIDE—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DECEASED'S
CRIMINAL RECORD—ASSAULTIVE OFFENSES.

A deceased's criminal record containing assaultive crimes on
other occasions is not admissible as substantive evidence upon
the issue of his violent character, and assuming that the record
is newly discovered and was unavailable to defendant at or

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 463 *et seq.*

[2] 63 Am Jur 2d, Prosecuting Attorneys § 25 *et seq.*

[3, 4] 58 Am Jur, Witnesses § 214 *et seq.*

　58 Am Jur 2d, New Trial § 121.

prior to trial, it should not therefore render a different result probable upon retrial.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 October 9, 1972, at Lansing. (Docket No. 11885.) Decided December 6, 1972.

James E. Mitten was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Daniel T. Stepek,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and T. M. BURNS, JJ.

BRONSON, J. Defendant was convicted by jury verdict of manslaughter and sentenced to serve a prison term of 7 to 15 years. MCLA 750.321; MSA 28.553. From this conviction defendant appeals as a matter of right.

On the evening of June 6, 1970, Michigan State Police officers observed an automobile with its headlights on in a construction area while on patrol. Upon investigation the officers confronted defendant, who described having an altercation with one Charles Austin. Following defendant's direction, they discovered Mr. Austin at the bottom of a hill adjacent to the car. Mr. Austin was naked from the waist down and had been severely beaten. This victim was taken directly to a hospital, treated for his wounds and discharged the following morning. On June 8, 1970, Mr. Austin was readmitted to the hospital in a state of uncon-

sciousness and subsequently died of a subdural hematoma.

Defendant was charged with common-law murder and a jury trial was conducted. At trial defendant supported his claim of self-defense by testimony that during his conversations with deceased some reference to homosexual conduct was made and the altercation proceeded from deceased's accusation that defendant was a homosexual. Defendant responded to deceased's alleged production of a knife by hitting him in the head with a wine bottle. Defendant stated that he was attempting to take the deceased to a hospital when he became lost near the construction site. Defendant claimed that at this time the altercation was renewed by deceased's attempt to grab an object on the floor of the car. During this struggle defendant pulled the deceased out of the car and they rolled down the hill. Defendant accounted for the deceased's disrobed condition by the statement that his pants slipped in the muddy terrain as defendant pulled him up the hill. At the conclusion of trial, the jury returned a verdict of guilty upon the lesser included offense of manslaughter. Defendant challenges this conviction alleging that (1) the prosecutor's closing arguments were so prejudicial as to cause a miscarriage of justice, (2) newly discovered evidence in the form of deceased's criminal record justifies a new trial, and (3) the failure to receive a fair and impartial trial requires a reversal of his conviction.

Defendant's challenge to the prosecutor's closing argument was not preserved below by a timely objection. If the prejudicial effect of this argument could not be cured by a cautionary instruction, such objection becomes unnecessary. *People v Humphreys,* 24 Mich App 411 (1970); *People v*

*Montevecchio,* 32 Mich App 163 (1971); *People v Majette,* 39 Mich App 35 (1972). Accordingly, review is granted when the error causes a miscarriage of justice. *People v David Smith,* 16 Mich App 198 (1969); *People v Page,* 27 Mich App 682 (1970).

In an attempt to explain his theory that defendant assaulted deceased for his refusal to engage in this type of conduct, the prosecutor's closing argument to the jury contained references to homosexual conduct. The offensive nature of this behavior creates a duty upon the prosecutor to be cautious to avoid conduct which would deny defendant a fair and impartial trial. *People v Brocato,* 17 Mich App 277 (1969). But the prosecutor's conduct in the instant case was in conformity with this principle. Each of his challenged statements contained a reference to the fact that deceased was found nude from the waist down and that the altercation was precipitated by discussion regarding homosexual conduct. The references to these evidentiary facts were offered for the sole purpose of establishing a logical explanation of their relationship to the prosecution's theory of the case. Such statements are permissible commentary upon the evidence or inferences therefrom. *People v Russell,* 27 Mich App 654 (1970); *People v Joshua,* 32 Mich App 581 (1971). The prosecutor is no less an advocate than defense counsel. He fulfills his obligation to the people by arguing the facts in a persuasive manner and presenting their legitimate inferences to the jury. Our close scrutiny of the record does not reveal a prejudicial purpose in the prosecutor's references to homosexuality. Contrast *People v Tarpley,* 41 Mich App 227 (1972). A consideration of the challenged comments in the context of the entire summation fails to reveal prejudice yielding

a miscarriage of justice. *People v Lyle Brown,* 37 Mich App 25 (1971).

Defendant's second allegation that a new trial should be granted upon the basis of newly discovered evidence is devoid of merit. The deceased's criminal record could have been obtained at or prior to trial and fails to satisfy the criteria of newly discovered evidence. *People v Keiswetter,* 7 Mich App 334 (1967); *People v Higginbotham,* 21 Mich App 489 (1970). Assuming that such information was unavailable until the present, it fails to satisfy the requirement that the evidence should render a different result probable upon retrial. This conclusion is based upon the fact that deceased's record containing assaultive crimes on other occasions is clearly inadmissible as substantive evidence upon the issue of his violent character. *People v Cellura,* 288 Mich 54 (1939); *People v Rapier,* 43 Mich App 297 (1972).

Defendant's final allegation of being denied a fair and impartial trial is dependent upon the preceding allegations of error. Our disposition of those issues precludes further inquiry. Finding the issues raised unmeritorious, defendant's conviction is affirmed.

Affirmed.

All concurred.