PEOPLE v GOODWIN

1. CRIMINAL LAW—EVIDENCE—IDENTIFICATION—CREDIBILITY—QUESTION OF FACT—APPEAL AND ERROR.

The credibility of identification testimony is solely for the trier of fact to determine and when a jury was given the opportunity to weigh the in-court identification testimony of two witnesses in light of the inability of one of the witnesses positively to identify the defendant, the lack of a lineup, the circumstances of identification, and the lapse of time involved, the Court of Appeals will not review the testimony *de novo* and substitute its judgment for that of the jury.

2. CRIMINAL LAW—TRANSCRIPTS—INDIGENTS—ADEQUATE DEFENSE—CLOSING ARGUMENT.

Refusal to provide at public expense to counsel for an indigent defendant a transcript of two eyewitnesses' testimony for the purpose of preparing closing argument was not error where the transcript was not necessary for the purpose of putting forth an adequate defense in that defense counsel was intimately familiar with the contents of this testimony and ably brought to the jury's attention the various conflicts, ambiguities, and doubts allegedly raised by the testimony of these two witnesses.

3. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR CONVICTIONS—DISCRETION.

The admission of a defendant's prior conviction for the purpose of impeaching his credibility rests within the sound discretion of the trial court, and defense counsel's objection to the admission of defendant's record of prior convictions invoked the discretion of the trial court (MCLA 600.2158, 600.2159).

4. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR CONVICTIONS—DISCRETION.

Admission of a defendant's record of prior convictions of bank

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 503.
[2] 21 Am Jur 2d, Criminal Law § 233.
[3] 53 Am Jur, Trial § 488.
[4] 53 Am Jur, Trial §§ 783, 789.

theft and narcotics use in a trial for armed robbery was not an abuse of discretion where a cautionary instruction to the jury was subsequently given.

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 May 17, 1973, at Lansing. (Docket No. 13140.) Decided August 27, 1973. Leave to appeal applied for.

Tillman Goodwin was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Frank R. Knox,* Chief Appellate Counsel, for the people.

*William J. MacQueen,* for defendant on appeal.

Before: FITZGERALD, P. J., and T. M. BURNS and ADAMS,* JJ.

T. M. BURNS, J. The defendant was convicted by a jury of armed robbery pursuant to MCLA 750.529; MSA 28.797. He was sentenced on November 1, 1971, to a term of from 15 to 30 years imprisonment and appeals.

Evidence produced at trial indicated that on the afternoon of February 3, 1971, the defendant entered an appliance store located in the Green-Eight Shopping Center in Oak Park. He engaged a store employee in a discussion concerning the purchase of a television set. After a few minutes of conversation, the defendant produced a handgun and demanded money. The employee took an unknown number of bills from the cash drawer, placed them in a business-size plain white envelope, and handed it to the defendant who then fled.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The other employee on the premises ran to the front of the store and observed a "greenish turquoise, or blue" Mustang automobile leaving the shopping center parking lot.

The police were notified of the robbery. A short time later an Oak Park patrolman observed the defendant driving a "blue green" Mustang auto. The officer testified that when the defendant saw him, he (defendant) sped up. A lengthy chase ensued wherein the defendant abandoned his vehicle, set out on foot, and attempted at gunpoint to commandeer the vehicles of other persons. The defendant was ultimately apprehended when the police discovered him hiding beneath a piece of plywood propped against the side of a building. In the defendant's possession the police found a plain, white envelope containing $149 and a gun similar to that used by the robber.

The employee who handed the gunman the money unequivocally identified the defendant as the perpetrator of the armed robbery. The other employee in the store at the time identified a hat, handgun, and envelope as similar to those associated with the robber. Although he indicated that there were marked similarities between the defendant and the man who committed the robbery, he could not positively identify the defendant as the man; and in response to a question during recross-examination of whether he was absolutely certain beyond any shadow of a doubt that the defendant was the person who committed the crime, the witness responded:

"*A.* It could be. There could be a doubt.
"*Q.* Is there a doubt?
"*A.* Yes."

Subsequently, defense counsel stated that in order

to prepare a proper closing argument, a transcript of the two store employees' testimony would be needed. Inasmuch as the defendant was indigent, defense counsel requested that the transcript be prepared at public expense. The trial court denied the request.

At trial defendant took the stand in his own behalf and testified that he had been walking to his girl friend's house when Detroit police officers in a cruiser told him to "hold it" and fired a shot. Defendant stated that he panicked and ran. In addition, he denied any participation in the robbery. Defendant's testimony was corroborated in part by the testimony of his two sisters.

On appeal defendant raises three issues which will be discussed and decided in the manner presented below.

## I

First defendant argues that his in-court identification by the two store employees was unnecessarily suggestive and conducive to irreparable mistaken identification where in the case of one witness, no lineup or other procedure for identification was employed between the time of defendant's arrest and trial, more than seven months later, and in the case of the other witness, the only opportunity given the witness to identify the defendant was at his preliminary examination conducted more than three months after his arrest.

In effect defendant contends that he has a right to a lineup and that the denial of this alleged right, even where as here there was no request for a lineup, mandates a reversal when eyewitness identification is utilized at trial.

A review of the record reveals that defense

counsel thoroughly and vigorously cross-examined the eyewitnesses in connection with the circumstances of their identification, the lapse of time involved, and their opportunities and ability to identify the defendant as the perpetrator of the crime. Thus in view of this cross-examination in conjunction with defense counsel's failure to object to the admission of this testimony, defendant's argument to exclude the in-court identification testimony, albeit novel, amounts to an attack upon the credibility of the testimony.

The credibility of identification testimony is solely for the trier of fact to determine and when, as in the case at bar, the jury was given the opportunity to weigh the in-court identification testimony of the two store employees in light of the inability of one of the witnesses to positively identify the defendant, the lack of a lineup, the circumstances of identification, and the lapse of time involved, we will not review the testimony *de novo* and substitute our judgment for that of the jury. *People v Harper,* 43 Mich App 500, 507; 204 NW2d 263, 268 (1972), *lv to app den,* 389 Mich 759 (1973). Accordingly, we decline to hold the in-court identification testimony of the two store employees either inadmissible or prejudicial.

## II

The defendant is indigent. His court-appointed counsel requested the trial court to order the preparation of a transcript of the two eyewitnesses' testimony at public expense so that a proper closing argument could be formulated. The trial court refused. From this defendant argues that he was denied equal protection of the law under the United States Constitution since a de-

fendant with adequate funds could have procurred the transcript.

In *Britt v North Carolina,* 404 US 226, 227; 92 S Ct 431, 433, 30 L Ed 2d 400, 403, the United States Supreme Court declared that:

"the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal."

Here a complete transcript of the proceedings was furnished to the defendant for purposes of appeal. Therefore we need only consider whether the transcript of the two eyewitnesses' testimony was necessary for the preparation of an effective defense.

As previously recounted, the defense counsel requested a transcript of the two eyewitnesses' testimony for the purpose of preparing an adequate closing argument. We have carefully scrutinized the closing argument of defense counsel along with the testimony of the two eyewitnesses and find that defense counsel ably focused upon and brought to the jury's attention the various conflicts, ambiguities, and doubts allegedly raised by the testimony of these two witnesses. That defense counsel was intimately familiar with the contents of this testimony is borne out by the fact that during closing argument when the prosecutor enumerated 31 areas of agreement between the two witnesses in question, defense counsel countered during his closing argument that there were in fact 32 points of agreement between the witnesses.

Under the circumstances of this case, it is our opinion that a transcript of the two eyewitnesses' testimony was not necessary for the purpose of putting forth an adequate defense. We hold, therefore, that the trial court did not err by refusing to

provide a transcript of the two eyewitnesses' testimony at public expense.

## III

Finally defendant contends that the trial court erred in declining to exercise its discretion by determining whether the cross-examination of the defendant concerning his prior convictions should be permitted, and admitting, over the defendant's objection, evidence of his prior convictions.

Defendant's claim is bottomed upon the following colloquy which occurred at trial:

*"Q. [by the prosecutor]:* Now, Mr. Goodwin, were you convicted of the crime of bank theft October 10th or thereabouts, later September, early October of 1961?

*"A. [defendant]:* Yes, sir.

*"Mr. Hooe [defendant's counsel]:* I'm going to object to that as being immaterial, irrelevant and highly prejudicial and it would have no purpose in this hearing whatsoever except prejudice and inflame the jury.

*"Mr. Stoller [the prosecutor]:* Your Honor, it's an accepted method and legally proper to impeach the believability of any witness on the basis of prior convictions and, of course, he's entitled to an instruction when I have concluded.

*"The Court:* The objection will be overruled. The court will allow the question, however, the court will instruct the jury as to the proper charge insofar as this type of testimony is concerned.

*"Q. [by Mr. Stoller]:* Were you convicted of the crime of bank theft in 1961 in Federal Court?

*"A.* Yes, sir.

*"Q.* Were you convicted in 1961, in March of 1961, in Chicago, Illinois of use of narcotics?

*"A.* Well—

*"Mr. Hooe:* For the record, the same objection.

*"The Respondent:* Yes.

*"The Court:* Same ruling.

"*The Respondent:* That was actually for being in the possession of a hypodermic needle and a dropper."

The cautionary instruction mentioned by the trial court was subsequently given.

The admission of a defendant's prior conviction for the purpose of impeaching his credibility rests within the sound discretion of the trial court. *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971); MCLA 600.2158; MSA 27A.2158, MCLA 600.2159; MSA 27A.2159.

We construe defense counsel's objection to the admission of defendant's prior crimes as invoking the discretion of the trial court. We find no abuse of that discretion.

Affirmed.

All concurred.