PEOPLE v GRACE

1. CRIMINAL LAW—CLOSING ARGUMENT—COURT RULES—DISCRETION.

Deviation from the court rule which prescribes the procedure for closing argument by allowing the prosecutor to continue his extensive rebuttal, after agreeing with the defendant's contention that the prosecutor's rebuttal had gone beyond the scope of the first exchange of arguments, but letting the defense make a second reply was not per se reversible error, because a trial court has great power and wide discretion in regard to the conduct of argument and technical errors will not justify reversal unless prejudice is demonstrated sufficient to amount to a miscarriage of justice (GCR 1963, 507.6; MCLA 768.29, 769.26).

2. CRIMINAL LAW—ASSAULT WITH INTENT TO RAPE—EVIDENCE—SUFFICIENCY—ALIBI WITNESSES.

A request by the jury, in a prosecution for assault with intent to commit rape in which the defense was alibi, for additional information on distances and a map of the area, and the fact that the one juror indicated that the verdict could go either way based upon the map, conclusively establish only that the jury *considered* the prosecutor's alternative argument that the defendant had an opportunity to be at the scene of the crime and then return to the alibi witness and have no necessary connection to the speculative conclusion that the jury as a whole believed the alibi witness and adopted the prosecutor's alternative theory to convict.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 460 *et seq.*
[2] 21 Am Jur 2d, Criminal Law §§ 136, 137.
[3] 21 Am Jur 2d, Criminal Law § 226.
Conviction of criminal offense without evidence as denial of due process of law. 80 ALR2d 1380.
[4] 53 Am Jur, Trial § 670.
[5] 53 Am Jur, Trial § 648.
[6] 53 Am Jur, Trial § 688 *et seq.*

3. CRIMINAL LAW—EVIDENCE—SUFFICIENCY—ELEMENTS OF CRIME.

> The legal standard for determining sufficiency of evidence questions is simply whether the prosecution introduced sufficient proof of all the elements of the crime.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—PRIOR INCONSISTENT STATEMENT.

> A trial court is not required *sua sponte* to give the jury in a criminal case a limiting instruction as to an alleged prior inconsistent statement; the lack of a request forecloses reversal on this issue (MCLA 768.29).

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—CHARACTERIZATION OF ISSUES—IDENTITY—ALIBI—CREDIBILITY.

> A trial court did not err in referring to identity as a principal issue in a trial for assault with intent to rape in which alibi was a defense where the judge gave a proper instruction on credibility and his characterization of the principal issue as identity was an accurate representation of the subject, and where defense counsel concurred with the trial judge's representation of the case and in his summary stated that there was nothing in the case but mistaken identity.

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—COERCION—EVIDENCE—SUFFICIENCY.

> It was not error for a trial judge, in a criminal case where a jury requested additional information soon after it retired, to instruct the jury regarding its duty to decide the case on the evidence that is presented when the judge did not use any affirmative language of coercion.

Appeal from Recorder's Court of Detroit, William J. Giovan, J. Submitted Division 1 October 11, 1973, at Detroit. (Docket No. 15141.) Decided November 28, 1973.

Roy Grace was convicted of assault with intent to rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A.*

*Reuther,* Assistant Prosecuting Attorney, for the people.

*William J. Caprathe,* for defendant on appeal.

Before: LESINSKI, C. J., and R. B. BURNS and QUINN, JJ.

LESINSKI, C. J. Defendant was convicted by jury of assault with intent to rape. MCLA 750.85; MSA 28.280. He was sentenced to prison for a term from five to ten years and appeals as of right.

Several issues are raised on appeal, but a review of the record and the briefs discloses no reversible error.

Defendant first contends that the trial court's deviation from GCR 1963, 507.6, which prescribes the procedure for closing argument, was per se reversible error. The prosecutor began with a perfunctorily short closing argument, followed by the defense's reply. In his rebuttal argument, the prosecutor proceeded to make a detailed argument, going into the testimony of the defense for the first time. The trial judge, who agreed with the defendant's contention that the prosecutor's rebuttal had gone beyond the scope of the first exchange of arguments, felt that a proper remedy would be to allow the prosecutor to continue his extensive rebuttal, but to let the defense make a second reply.

There is some question as to whether the prosecutor did in fact go beyond the scope of the defendant's first reply in his rebuttal. There is no question that the procedure of allowing the prosecutor to continue in the face of a sustained objection as to scope, and granting the defense a second reply as a remedy, does not technically comply with GCR 1963, 507.6.

However, two overriding principles preclude reversal on this ground. First, the trial court has "great power and wide discretion" in regard to the conduct of argument. *People v Green,* 34 Mich App 149, 152; 190 NW2d 686, 687 (1971). See also, MCLA 768.29; MSA 28.1052. Second, technical errors will not justify reversal unless prejudice is demonstrated sufficient to amount to a miscarriage of justice. MCLA 769.26; MSA 28.1096.

Defendant alleges prejudice in the remote possibility that since the jurors had been advised by both counsel to the effect that the burden of proof is on the party allowed to speak twice in closing argument, and since the defense also spoke twice, the jurors were confused as to burden of proof. The trial court properly instructed the jury on burden of proof. Furthermore, any prejudice due to the prosecution's extension beyond proper scope does not satisfy the substantial miscarriage of justice test and was clearly outweighed by the unusual advantage the court allowed in granting the defense the opportunity to speak twice and to close the argument.

The defendant next challenges the sufficiency of the evidence. His sufficiency argument runs the following tortuous course: (1) the prosecutor argued alternative theories in his closing argument —(a) the prosecution witness should be believed and the alibi witnesses disbelieved; (b) if the alibi witnesses are believed, since the places where the alibi witnesses established the defendant were close to the scene of the crime (four or five blocks to one mile), the defendant could have slipped away to commit the crime and then return to the alibi witnesses; (2) the jury foreman requested a map of the area in question; (3) the jury therefore apparently believed the alibi witnesses or it would

not have considered the prosecutor's alternative theory as evidenced by the jury's request for additional distance information; (4) since there was insufficient evidence produced by the prosecutor to sustain his alternative theory of the defendant slipping away; (5) therefore, there was insufficient evidence to convict.

This argument lacks logical or legal merit. The fact that the jury foreman requested additional information on distances and that one juror in particular indicated that the verdict could go either way based upon the map conclusively establishes only that the jury *considered* the prosecutor's alternative argument, as is their duty, and has no necessary logical connection to the speculative conclusion that the jury as a whole believed the alibi witnesses and adopted the prosecutor's alternative theory to convict. The legal standard for determining sufficiency questions is simply whether the prosecution introduced sufficient proof of all the elements of the crime. *People v Cunningham,* 20 Mich App 699; 174 NW2d 599 (1969); *People v Spann,* 3 Mich App 444, 451; 142 NW2d 887, 890 (1966). In the instant case, the testimony of the victim of the crime and her sister, if believed, was more than adequate to establish all of the elements of assault with intent to rape.

The defendant argues error in the failure of the trial court *sua sponte* to give the jury a limiting instruction as to an alleged prior inconsistent statement. Although there was formerly authority for the proposition that a trial judge must give a limiting instruction on prior inconsistent statements even absent a request, this position has now been repudiated. The lack of a request forecloses reversal on this issue. *People v Guilinger,* 30 Mich App 711; 186 NW2d 861 (1971), *lv to app den* 388 Mich 804 (1972); MCLA 768.29; MSA 28.1052.

The next issue raised on appeal is whether it was error for the trial court to isolate the issue of identity in its comment to the jury. The trial judge referred to identity as the principal issue in the case. Since the key to his case was an alibi defense, the defendant argues that characterization by the judge of identity as the principal issue effectively told the jury to consider the situation only from the prosecutor's point of view, especially since no comment was made on the credibility of the defendant's witnesses. The trial judge gave a proper general instruction on credibility. His characterization of the principal issue as identity was an accurate representation of the subject, as required by *People v King,* 384 Mich 310, 315; 181 NW2d 916, 918. Defense counsel himself concurred with the trial judge's representation of the case when he summarized his closing argument with the statement that "[t]here is nothing in this case but mistaken identity".

The final allegation of error deals with the following instructions to the jury:

"There are two possible verdicts in this case, ladies and gentlemen, one is guilty and the other is not guilty.

"Whichever verdict you do reach, must be by unanimous agreement by the 12 of you that will decide the case. There are just 12 of you now."

Following the above instruction in the principal charge, the jury returned after an hour and seven minutes' deliberation and requested additional information. The judge denied this request and concluded his supplemental charge with the following:

"As I said, you will have to decide the case on the evidence that is presented. Either it is sufficient to convince you of the defendant's guilt beyond a reasonable doubt or it is not; it is one or the other."

Defendant argues that the above instructions effectively coerced the jury into reaching an unanimous verdict and complains that the judge should have conditioned his comments with the admonition that the verdict must be the individual verdict of each juror and the result of his own conviction. *People v Barmore,* 368 Mich 26; 117 NW2d 186 (1962); *People v Engle,* 118 Mich 287; 76 NW 502 (1898).

The instant case is distinguishable from *Engle* and *Barmore.* In those cases, after the jury had deliberated into the second day and reached an impasse, the trial judge affirmatively instructed that the jurors had a duty to agree or should be persuaded, rather than persuade. In those circumstances, the Court held that it was reversible error not to qualify such instructions with language such as the verdict must be that of each individual juror. Here, there was no impasse reached after long deliberation. The jury had been deliberating for only slightly more than one hour, and the jury came back to request a map especially for the benefit of one juror in particular who was troubled by distances. The judge did not use any affirmative language of coercion. For these reasons, the instructions did not constitute reversible coercion.

Affirmed.

All concurred.