PEOPLE v EDWARDS

1. CRIMINAL LAW—DIRECTED VERDICT—EVIDENCE—ELEMENTS OF OFFENSE.

A motion for a directed verdict of acquittal may be granted only where there is no evidence at all, either direct or circumstantial, on each material element of the offense charged.

2. CRIMINAL LAW—EVIDENCE—IDENTIFICATION TESTIMONY—JURY.

The credibility of identification testimony is a matter left solely for the jury to determine.

3. CRIMINAL LAW—SPEEDY TRIAL—FACTORS.

Factors to be considered when determining whether a defendant was denied a speedy trial are: length of the delay, reason for the delay, defendant's demand for speedy trial, and the prejudice suffered by the defendant because of the delay.

4. CRIMINAL LAW—SPEEDY TRIAL—DEMAND—PREJUDICE.

A defendant was not denied a speedy trial where, although over two years elapsed between issuance of the warrant and the trial, the delay can not be attributed to any deliberate attempt by authorities to hamper the defense, the defendant has not made a sufficient showing of prejudice resulting from the delay, the defendant did not make a timely demand for a speedy trial, nor did he raise the issue when he made a motion for a new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 302, 406 *et seq.*
[2] 53 Am Jur, Trial § 156 *et seq.*
  58 Am Jur, Witnesses § 862.
[3, 4] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[5] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[6] 20 Am Jur 2d, Courts §§ 233–236.
  Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.
[7] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 4, 8.
[8] 53 Am Jur, Trial § 480 *et seq.*

5. CRIMINAL LAW—IDENTIFICATION—PHOTOGRAPHIC IDENTIFICATION—
INDEPENDENT BASIS.

The in-court identification of a defendant by a witness was
proper, although the witness had previously made photographic
identifications at which no counsel was present and where the
defendant had not waived his right to counsel, where the
witness testified that she was satisfied beyond reasonable doubt
that the defendant was the man who robbed her, she had
ample opportunity to observe the robber during the robbery,
and she indicated that the photographs shown her earlier did
not influence her identification in court; an in-court identifica-
tion will not be deemed inadmissible if it has an independent
basis.

6. CRIMINAL LAW—PHOTOGRAPHIC IDENTIFICATION—CUSTODY—CASE
PRECEDENT—RETROACTIVITY.

A Supreme Court ruling that identification by photograph should
not be used when a defendant is in custody is not to be applied
retroactively.

7. CRIMINAL LAW—CROSS-EXAMINATION—PRIOR CONVICTIONS—JUVE-
NILE RECORD—PRESERVING QUESTION.

Review by the Court of Appeals is limited to ascertaining
whether or not a miscarriage of justice resulted where the
defendant claims error because the prosecutor questioned him
on cross-examination concerning a burglary conviction which
allegedly occurred when the defendant was a juvenile, but the
defendant did not object at trial.

8. CRIMINAL LAW—TRIAL—CLOSING ARGUMENTS.

A prosecutor properly objected to statements of the defense
counsel during defense counsel's closing argument where the
statements were not supported by the evidence produced at
trial.

Appeal from Berrien, Julian E. Hughes, J. Sub-
mitted Division 3 June 3, 1974, at Grand Rapids.
(Docket No. 17755.) Decided August 28, 1974.

Willie L. Edwards was convicted of armed rob-
bery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John A. Smietanka,*

Prosecuting Attorney, and *John Jeffrey Long,* Assistant Prosecuting Attorney, for the people.

*Joseph N. Low,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

T. M. BURNS, J. Defendant Willie Lee Edwards was charged with armed robbery, MCLA 750.529; MSA 28.797. On August 24, 1972, defendant filed a motion to suppress certain identification testimony unless it was shown to be independent of a photographic display shown the witness. A hearing on the motion was held with testimony being taken on September 26 and October 2, 1972. On October 5, 1972, the trial court denied defendant's motion, finding the identification to be independent of the photographic display.

Trial was held on November 16, 17 and 21, following which the jury returned a verdict against defendant of guilty as charged. On January 8, 1973, defendant was sentenced to a term of not less than 10 nor more than 25 years in prison, with appropriate credit for time already spent in jail. Defendant's motion for a new trial was denied on June 21, 1973. Defendant now appeals his conviction and the denial of a new trial as of right.

Evidence produced at trial discloses that Mrs. Elaine Noble, the victim of and only eyewitness to the robbery, testified that on February 21, 1970, she was working as a clerk in the Oak Dairy Store in Niles, Michigan. She stated that at some time between 4 and 4:30 p.m., a man entered the store and robbed her at gunpoint. She was subsequently knocked unconscious, and when she awoke, the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

man was gone. She testified, however, that the man had worn no mask, and that he had stood in front of her for several minutes. Mrs. Noble concluded her testimony by identifying the defendant as the robber.

Defendant raises several allegations of error which we deem worthy of discussion. Other pertinent facts of this case are contained in our discussion of these issues.

Defendant first contends that his motion for a directed verdict, made on the basis that the identification testimony was insufficient to support his conviction, should have been granted by the trial court. We disagree.

As already mentioned, Mrs. Noble testified on direct examination that defendant was the man who robbed her. On cross-examination, defense counsel attempted to impeach Mrs. Noble by showing that her identification was made on the basis of photographic displays the police had shown her and by pointing out allegedly inconsistent descriptions of defendant made by her prior to trial.

In *People v Hodo,* 51 Mich App 628, 639; 215 NW2d 733 (1974), we set forth the standard to be followed in determining whether a motion for directed verdict should have been granted, when we said:

"A motion for a directed verdict of acquittal may only be granted where there is no evidence at all, either direct or circumstantial, on each material element of the offense charged. In the event the requisite evidence is presented, it is submitted to the trier of fact for a determination of whether such evidence established guilt beyond a reasonable doubt. *People v Abernathy,* 253 Mich 583; 235 NW 261 (1931); *People v Garcia,* 33 Mich App 598; 190 NW2d 347 (1971)."

The credibility of identification testimony is a

matter left solely for the jury to determine. *People v Watson,* 52 Mich App 211, 214; 217 NW2d 121 (1974); *People v Goodwin,* 48 Mich App 692, 696; 211 NW2d 73 (1973); *People v Harper,* 43 Mich App 500, 507; 204 NW2d 263, 268 (1972), *lv den* 389 Mich 759 (1973). The jury in the case at bar had the opportunity to weigh Mrs. Noble's identification testimony in light of her alleged inconsistent descriptions and the circumstances of the identification. After listening to all the testimony, the jury chose to believe Mrs. Noble. We shall not substitute our judgment for theirs. *People v Watson, supra; People v Goodwin, supra; People v Harper, supra.* Therefore, since there was evidence presented on the material elements of armed robbery that defendant committed the offense, the trial court did not err by denying the motion for a directed verdict and submitting the case to the jury.

Defendant next argues that he was denied his constitutional right to a speedy trial. US Const, Am VI; Const 1963, art I, § 20.

The robbery occurred on February 21, 1970. On April 15, 1970, defendant was arrested on a fugitive warrant from Indiana, the warrant later being withdrawn. The Michigan authorities returned defendant to Indiana on or about the 15th of April. The warrant for defendant's arrest on the present charge was issued on April 16, 1970, but was not returned until June 14, 1972. A preliminary examination was held on July 12, 1972, with defendant being arraigned on the information two days later. As mentioned earlier, trial was held in mid-November, 1972.

Thus, although defendant argues that he was denied a speedy trial, his claim is primarily based upon the fact that there was an extended delay in

arresting him. Due to the fact that the defendant did not raise this issue before the trial court, there are few facts before this Court concerning the defendant's whereabouts during the two-year period of delay.

The factors to be considered in determining whether a criminal defendant was denied a speedy trial are: length of delay, reason for the delay, defendant's demand for a speedy trial, and the amount of prejudice suffered by the defendant due to the delay. *People v Chism,* 390 Mich 104, 111; 211 NW2d 193 (1973); *People v Classen,* 50 Mich App 122; 212 NW2d 783 (1973).

As indicated earlier, more than two years elapsed between issuance of the warrant and trial. However, length of delay alone is not determinative. It must be balanced with the other factors. Long delays are not by themselves a denial of the constitutional right to a speedy trial. *People v Classen, supra.*

When we balance all the required factors, we find no denial of defendant's right to a speedy trial. The delay cannot be attributed to any deliberate attempt by the Michigan authorities to hamper the defense. Nor has defendant made a sufficient showing of prejudice resulting from the delay. Defendant's alibi witnesses were able to testify at some length as to the events on the day in question. If anything, the delay worked in defendant's favor since it lessened the ability of Mrs. Noble to identify him, thus increasing defendant's ability to attack the credibility of her identification testimony. Finally, defendant did not make a timely demand for a speedy trial nor did he raise this issue when he made a motion for a new trial. Balancing these factors, no denial of the right to a speedy trial has been established.

Defendant also asserts that the trial court erred in holding the sole identification witness's testimony admissible as independent of the photographic display.

At the hearing on defendant's motion to suppress the identification testimony, one officer Chute testified that he showed Mrs. Noble seven pictures from which she chose defendant as the robber. Mrs. Noble testified that only two pictures were shown her. This apparent discrepancy was resolved at trial when Mrs. Noble testified that she had been shown pictures on two occasions, once by officer Chute and once by another officer.

No counsel was present at either of these photo identifications nor was there any evidence that defendant had waived his right to counsel. Therefore, these photographic identifications were improperly conducted. *People v Anderson,* 389 Mich 155, 187; 205 NW2d 461 (1973); *People v Dates,* 52 Mich App 544; 218 NW2d 100 (1974). However, although the dictates of *Anderson* were not followed, the victim's subsequent in-court identification will not be deemed inadmissible if it had an independent basis. *People v Harper,* 43 Mich App 500; 204 NW2d 263 (1972); *People v Maniez,* 34 Mich App 55; 190 NW2d 682 (1971); *People v Anderson, supra.*

The evidence indicates that the robber was in the store for approximately 10 to 15 minutes and that Mrs. Noble saw the robber's face clearly for about half that time. Although two years had elapsed, she testified that she was satisfied beyond a reasonable doubt that defendant was the man who robbed her. She also testified that the photographs shown to her did not influence her identification, stating that her identification of defendant was based entirely on her memory of the incident.

On these facts, the trial court held that the identification of defendant was independent of the photographic identification. We agree.

In *People v Anderson, supra,* our Supreme Court held that identification by photograph should not be used where the accused is in custody. However, in *People v Duke,* 50 Mich App 714; 213 NW2d 769 (1973), we held that this rule was not to be applied retroactively. Therefore, since defendant's trial was in November of 1972, some four months prior to the *Anderson* decision, he cannot avail himself of the benefit of this rule.

Defendant next claims that the prosecutor improperly examined him concerning his juvenile record. On cross-examination, the prosecutor tried to impeach the defendant by showing that he had been convicted of other crimes, one of them being an alleged burglary which occurred in Indiana in 1961, when defendant was 15 years old. Defendant denied the existence of the conviction, claiming he neither went before a court nor was fingerprinted. However, while defendant did object to the prosecutor reading from the FBI rap sheet, he did not object to the questions concerning the alleged burglary conviction. Since defense counsel failed to object at trial, our review is limited to ascertaining whether or not a miscarriage of justice resulted. *People v Glover,* 47 Mich App 454; 209 NW2d 533 (1973); *People v Downs,* 45 Mich App 130; 206 NW2d 241 (1973); *People v Mitten,* 44 Mich App 64; 205 NW2d 47 (1972). On the contrary, the record clearly sustains defendant's conviction, and we find nothing to support defendant's claim that a miscarriage of justice resulted.

Finally, defendant maintains that the prosecutor's interruptions of defense counsel's closing argument prejudiced the defendant to such an extent

that a new trial is required. On the other hand, the prosecutor contends that it properly objected to defense counsel's closing argument since defense counsel was asserting facts not of record.

During closing argument, the prosecutor objected twice to statements made by the defense counsel. Our review of the trial transcript reveals that, as the prosecutor contends, neither statement by defense counsel was supported by the evidence produced at trial. The trial court has wide discretion in controlling and limiting the arguments of counsel. *People v Grace,* 50 Mich App 604; 213 NW2d 853 (1973); *People v Green,* 34 Mich App 149; 190 NW2d 686 (1971). Upon the present record, we find no abuse of that discretion.

Affirmed.

All concurred.