BUGAR v STAIGER

1. AUTOMOBILES—NEGLIGENCE—SUDDEN EMERGENCY—INSTRUCTIONS
   TO JURY.

   An instruction to the jury on the sudden emergency doctrine is
   proper where there is any evidence to support a finding that an
   emergency existed within the doctrine; therefore, a defendant
   was entitled to an instruction on sudden emergency where
   there had been testimony that the plaintiff was standing in an
   expressway exit lane when struck by defendant's automobile,
   because that circumstance could be deemed by the jury to be
   unusual or unsuspected.

2. AUTOMOBILES—NEGLIGENCE—INSTRUCTIONS TO JURY—PASSING ON
   RIGHT—STATUTES.

   Failure of a trial court to instruct the jury in an automobile
   negligence case on the statute regulating passing on the right
   is not error where no evidence was presented to indicate that
   the defendant driver was "overtaking and passing" when he
   struck the plaintiff while using an exit lane to leave an express-
   way (MCLA 257.637[b]; MSA 9.2337[b]).

3. JURY—VERDICT—ADEQUACY OF VERDICT—NEW TRIAL—APPEAL AND
   ERROR.

   A jury's verdict is entitled to considerable respect and will not be
   reversed unless reasonable minds could not disagree; a verdict
   for a plaintiff which is adequate and warranted by the proofs is
   not a basis for a new trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1030.
   Instructions on sudden emergency in motor vehicle cases. 80 ALR2d
   5.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 224.
   8 Am Jur 2d, Automobiles and Highway Traffic § 781.
   Reciprocal rights, duties, and liabilities where driver or motor
   vehicle attempts to pass on right of other motor vehicle proceed-
   ing in same direction. 38 ALR2d 114.
[3] 75 Am Jur 2d, Trial § 3.
[4] 75 Am Jur 2d, Trial § 192.
[5] 58 Am Jur 2d, New Trial § 192 et seq.

4. TRIAL—JUDGES—DISCRETION—REPLY ARGUMENT—REBUTTAL ARGU-
   MENT—COURT RULES.

   A trial judge has broad power and discretion concerning the
   conduct of the argument before the jury and a plaintiff was
   properly denied rebuttal argument on the issue of the extent of
   damages where the judge did not abuse his discretion in con-
   cluding that the issue of the extent of damages had not been
   discussed by the defendant in his reply argument (GCR 1963,
   507.6).

5. NEW TRIAL—MOTIONS—NEWLY-DISCOVERED EVIDENCE—CUMULA-
   TIVE EVIDENCE—REASONABLE DILIGENCE.

   A plaintiff's motion for a new trial on the basis of newly-discov-
   ered evidence was properly denied where the evidence was
   cumulative and where the plaintiff has failed to convince the
   Court of Appeals that with reasonable diligence he could not
   have discovered and produced the evidence for trial.

Appeal from Wayne, James Montante, J. Sub-
mitted October 17, 1975, at Detroit. (Docket No.
22067.) Decided December 3, 1975.

Complaint by Josif Bugar and Marioara Bugar
against John L. Staiger and Dennis R. Bronner for
damages arising from an automobile accident.
Judgment for plaintiffs as to defendant Staiger,
and in favor of defendant Bronner. Plaintiffs ap-
peal. Affirmed.

*George N. Subu,* for plaintiffs.

*Ranald Becker,* for defendant Dennis R. Bron-
ner.

*Davidson, Gotshall, Kohl, Nelson, Secrest, War-
dle & Lynch* (by *George F. Clark)* for defendant
John L. Staiger.

Before: V. J. BRENNAN, P. J., and BASHARA and
R. M. MAHER, JJ.

V. J. BRENNAN, P. J. In this automobile collision action, plaintiffs appeal from a jury verdict of $1,600 against defendant Staiger and a verdict of no cause of action against defendant Bronner. Plaintiffs claim five errors were committed by the Wayne County Circuit Court; we find that no reversible errors were made and thereby affirm the jury verdict and the trial judge's denial of plaintiffs' motion for a new trial.

While there is naturally some discrepancy in the facts, testimony indicated that plaintiffs' car was damaged when struck in the rear by defendant Staiger's car while traveling on Edsel Ford Expressway. Defendant Bronner's car, following one car behind Staiger, struck plaintiff Josif Bugar after he had vacated his car following the initial collision. This striking occurred in an exit lane as Bronner was attempting to avoid the crashed vehicles by exiting from the expressway. The factual dispute that dominated the trial concerned the extent of the personal injuries, if any, sustained in the first collision. Plaintiff was either unaffected, slightly dazed, or seriously injured in the initial collision with defendant Staiger. It was uncontested that after all the vehicles had come to rest, plaintiff had severe personal injuries that resulted in extensive medical bills and substantial loss of wages.

Plaintiffs first contend that it was error for the trial judge to instruct the jury on the "sudden emergency" doctrine. Plaintiffs allege that neither defendant was confronted with a sudden emergency. With respect to defendant Staiger, it is quite possible that he did not face an unusual unsuspected situation that would qualify him for an instruction on sudden emergency. *Vander Laan v Miedema,* 385 Mich 226; 188 NW2d 564 (1971).

However, even if the instruction was erroneous, plaintiffs were not prejudiced. The jury still found defendant Staiger negligent, but limited his liability to the estimated $1,600 property damage. The jury's failure to find that defendant Staiger's conduct was the proximate cause of plaintiff's personal injuries is not attributable to a possibly erroneous sudden emergency instruction. See *Termaat v Bohn Aluminum & Brass Co,* 362 Mich 598, 604; 107 NW2d 783 (1961).

With regard to defendant Bronner, the trial judge could have properly determined that the sudden emergency doctrine was applicable under *Vander Laan, supra.* If there is any evidence to support a finding that an emergency existed within the doctrine, the instruction is proper. *Wright v Marzolf,* 34 Mich App 612; 192 NW2d 56 (1971). Testimony that the plaintiff was standing in an expressway exit lane warranted the sudden emergency instruction, for that situation could be deemed by the jury to be unusual or unsuspected.

Concerning the claim against defendant Bronner, plaintiffs contend that the trial judge committed reversible error in failing to instruct the jury on the "passing-on-the-right" statute, MCLA 257.637(b); MSA 9.2337(b). The statute reads:

"The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway."

There was no error in failing to instruct on this statute. No evidence was presented to indicate defendant Bronner was "overtaking and passing". The evidence indicated that Bronner was using the exit lane to leave the expressway. Moreover, as the

statute allows passing on the right in certain conditions if done "in safety", an instruction based on the statute would, in this case, merely have been a restatement of a driver's duty of due care. It is not reversible error to refrain from issuing duplicate instructions on the duty to use reasonable care.

Plaintiffs argue that the trial judge should have granted a new trial because the damages were grossly inadequate. We disagree. Concerning defendant Staiger, the jury found him liable for $1,600, the approximate damage to the vehicle. The jury apparently did not believe that defendant Staiger's negligence was the proximate cause of plaintiff's physical injuries. The jury perhaps believed that plaintiff was not dazed by the first collision, but instead was negligent in alighting from his car and entering the exit lane. We will not reverse a jury's verdict unless reasonable minds could not disagree; the jury's verdict is entitled to considerable respect. *Ford v American National Insurance Co,* 46 Mich App 368; 208 NW2d 226 (1973). We agree with the trial judge that a verdict of $1,600 in this case was adequate, warranted by the proofs, and not the basis for a new trial against defendant Staiger. *Jamison v Lloyd,* 51 Mich App 570, 577; 215 NW2d 763 (1974).

Concerning defendant Bronner, the jury found him to be free from negligence. There is no basis for raising an adequacy of the verdict challenge.

Plaintiffs assert that the trial court committed reversible error in denying plaintiffs rebuttal argument on the issue of the extent of the damages. They claim that the issue was raised by defendant Staiger in his closing argument. Plaintiffs are entitled to make rebuttal argument concerning

issues raised in opening argument and contested by the defendant in his reply argument. GCR 1963, 507.6. However, the trial judge is given broad power and discretion concerning the conduct of the argument before the jury. *People v Grace,* 50 Mich App 604, 607; 213 NW2d 853 (1973). Our review of the record discloses that the trial judge did not abuse his discretion in concluding that the issue of the extent of the damages had not been discussed by the defendant in his reply argument. His denial of rebuttal on the extent of damage issue was proper.

Plaintiffs' final ground for appeal is that the trial judge should have ordered a new trial on the basis of newly discovered evidence. Plaintiffs had subpoenaed hospital records, but the hospital had neglected to supply the complete records. After the trial, plaintiffs' attorney concluded that the omitted records would have been helpful in proving the moment of plaintiff's injury. However, our impression is that the records would have overlapped testimony given by a witness. The records were, therefore, cumulative evidence. Moreover, we are not convinced that the plaintiffs could not, with reasonable diligence, have discovered and produced the records for trial. For these two reasons, the trial judge properly denied plaintiffs' motion for a new trial on newly discovered evidence grounds. *Parlove v Klein,* 37 Mich App 537; 195 NW2d 3 (1972).

Affirmed.