PEOPLE v GRAY

1. CRIMINAL LAW—IDENTIFICATION—WITNESSES—PHOTOGRAPHS—
   LINEUP.

   Privately showing a witness pictures of an accused should not be
   allowed as a means of preparing a witness for a lineup even
   where the showing is not for purposes of initial identification of
   the accused.

2. CRIMINAL LAW—IDENTIFICATION—PHOTOGRAPHS—CUSTODY—RIGHT
   TO COUNSEL.

   Identification of an accused by means of a photographic display
   should not be used where the accused is in custody; where
   there is a legitimate reason to use photographs when the
   defendant is in custody, the defendant has the right to have
   counsel present.

3. CRIMINAL LAW—IDENTIFICATION—IN-COURT IDENTIFICATION—INDE-
   PENDENT BASIS.

   An in-court identification may be received following an earlier
   improper identification of a defendant where the people have
   shown that the in-court identification has a basis independent
   of the prior identification procedure.

Appeal from Recorder's Court of Detroit, Samuel
C. Gardner, J. Submitted June 11, 1976, at Detroit.
(Docket No. 25741.) Decided June 24, 1976. Leave
to appeal applied for.

Bernard J. Gray was charged with first-degree
murder, armed robbery, carnal knowledge of a
female over 16, and gross indecency between a
male and female. The case was dismissed following
an evidentiary hearing wherein the court sup-

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 368, 369.
   29 Am Jur 2d, Evidence § 371 *et seq.*
   Admissibility of evidence of lineup identification as affected by
   allegedly suggestive lineup procedures. 39 ALR3d 487.

pressed identification of the defendant. The people appeal by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* for the people.

*Townsend, Haley & Overton,* for defendant.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

PER CURIAM. On January 30, 1975, a complaint and warrant were issued, charging defendant with first-degree murder, MCLA 750.316; MSA 28.548, armed robbery, MCLA 750.529; MSA 28.797, carnal knowledge of a female over 16, MCLA 750.520; MSA 28.788, and gross indecency between a male and female, MCLA 750.338(b); MSA 28.570(2). A preliminary examination was held on February 18, 1975, and defendant was bound over on all counts. Following an evidentiary hearing, held on April 29, 1975, wherein the court suppressed identification of the defendant, the case was dismissed on May 19, 1975. Plaintiff now claims appeal, upon leave granted.

The complaining witness identified defendant, in February, 1974, before he was taken into custody, from a photographic display containing approximately 300 photographs. Defendant does not complain of the procedure followed in this identification process nor does the record reveal any irregularity. Thereafter, the complaining witness, frightened because of threats made by defendant during

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the commission of the assaults upon her, informed the police that she would deny having made any identification, and the case became an inactive one.

Approximately one year later, when defendant had been incarcerated following an unrelated conviction, two police officers sought to activate this case and interviewed the complaining witness. During this interview, while a statement was being taken from her, the previously identified photograph was shown to her and she confirmed that this was the photograph earlier identified by her. No other photographs were shown and there was no attorney present. As defendant had previously been identified, this is not a single photographic display for the purpose of *initial* identification; however, it remains an identification. This should not be allowed as a means of preparing a witness for the lineup by privately showing the witness pictures of the accused. *People v Anderson,* 389 Mich 155, 185; 205 NW2d 461, 475 (1973). Moreover, subject to certain exceptions, identification by photograph should not be used where a defendant is in custody. When there is a legitimate reason to use photographs, defendant has the right to have counsel present. *People v Anderson, supra,* at 186–187.

However, where no counsel is present or the procedure was unnecessarily suggestive or conducive to irreparable misidentification, an in-court identification may be received where the people have shown that such identification has a basis independent of the prior identification procedure. *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), *People v Anderson, supra, People v Edwards,* 55 Mich App 256; 222 NW2d 203 (1974). Here, the complaining witness had no

recollection of the second viewing. The record reveals that she recognized defendant as having been to her home on two occasions prior to the night of the alleged crimes in order to purchase marijuana from her husband.

She did not know her husband's acquaintances but had heard him refer to defendant as "White or something". The complaining witness who had opened the door to defendant on the night of the alleged crime had occasion to see him at that time, while he tied her up, while he raped her and while he forced her to perform an act of oral sex. She stated that she recognized him because of his unusual color and hair. On these facts, it would appear that the identification of defendant was independent of the photographic showing.

Reversed and remanded for trial.